## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Virginia Guiette, individually and on behalf of all others similarly situated, | Civil No. 17-1859 (DWF/DTS) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| U.S. Bank National Association, | |
| Defendant. | |

Anthony P. Chester, Esq., Robert L. Hyde, Esq., and Sarah T. McEahern, Esq., Hyde & Swigart, counsel for Plaintiff.

Bryan C. Keane, Esq., Divya Shenoy Gupta, Esq., and Eric J. Troutman, Esq., Dorsey & Whitney LLP, counsel for Defendant.

## INTRODUCTION

This matter is before the Court on a Motion to Transfer Venue brought by U.S. Bank National Association ("U.S. Bank"). (Doc. No. 16.) For the reasons set forth below, the Court grants the motion.

## BACKGROUND

This dispute arises from phone calls Plaintiff Virginia Guiette alleges she received from U.S. Bank between August 2015 and April 2017, without consent or after she revoked consent to receive these calls. (Doc. No. 1 ("Compl.") ¶¶ 11, 18.) Guiette is a citizen and resident of Colorado and resided in Colorado during this time period. (*Id.*

¶ 7.)  She brings this action on behalf of a class of all persons in the United States who similarly received phone calls from U.S. Bank without consent or after revoking consent. (*Id.* ¶¶ 28-29.)  U.S. Bank is a corporation that does business throughout the United States and maintains its principal place of business in Minnesota.  (*Id.* ¶ 6.)

Plaintiff alleges that between August 2015 and April 2017, Defendant called her on her cell phone via an automatic telephone dialing system ("ATDS").  (*Id.* ¶ 11.)  On multiple occasions, including during two separate calls from Defendant on February 18, 2017, Plaintiff stated over the phone that she no longer wished to be contacted by phone. (*Id.* ¶ 18.)  Defendant used an ATDS to call Plaintiff on or about March 20, 2017.  (*Id.* ¶ 20.)  Plaintiff told Defendant's representative that she had previously requested that the calls stop, but the representative indicated that Defendant "does not pay attention to notes like that."  (*Id.*)  Defendant called Plaintiff on her cell phone with an area code of 303, which is the area code for north-central Colorado.  (*See* Doc. No. 18 at 4.)

Plaintiff alleges that she suffered an invasion of a legally protected privacy interest, she was frustrated and distressed by the calls, and her cell phone battery life was wasted.  (Compl. ¶¶ 21-22, 27.)  She also alleges that Defendant's conduct harmed her and other class members because the calls incurred charges, reduced available cell phone time that was previously paid for, and invaded the privacy of class members.  (*Id.* ¶ 31.) The common questions of law and fact that Plaintiff alleges with respect to the potential class are whether Defendant used an ATDS to contact class members, whether Defendant obtained prior written consent to contact class members via telephone, whether Defendant's conduct was knowing or willful, whether Defendant's calls caused harm to

the class members, and whether Defendant should be enjoined from engaging in this conduct. (*Id.* ¶ 34.)

Plaintiff obtained a residential mortgage loan from Peoples Bank in or around February 2015. (Doc No. 21 ("Slepicka Decl.") ¶ 4.) Plaintiff's mortgage loan was processed at the Peoples Bank location in Englewood, Colorado. (*Id.*) In approximately April 2015, Peoples Bank transferred the loan to Defendant, and U.S. Bank Home Mortgage began to service the loan. (*Id.* ¶ 5.) Defendant operates most of its mortgage service-related business in Bowling Green, Kentucky; St. Louis, Missouri; Bedford, Ohio; and Irvine, California. (Doc. No. 20 ("Crosby Decl.") ¶ 3.) Defendant's call center operations for its residential mortgage portfolio are located in Kentucky, Missouri, Ohio, and Texas, while the data center housing dialer and telephony services is located in Kansas. (*Id.* ¶ 4.) Defendant conducts a significant amount of mortgage operations in Colorado, with over 200 Colorado-based employees, including two high-level managers. (Slepicka Decl. ¶ 6.)

Plaintiff alleges two violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Compl. ¶ 1.) First, Plaintiff alleges negligent violations of the TCPA and requests $500 in statutory damages for each violation and injunctive relief. (*Id.* ¶¶ 48-49.) Second, Plaintiff alleges knowing and/or willful violations of the TCPA and requests $1,500 in statutory damages for each violation and injunctive relief. (*Id.*

3

¶¶ 51-52.) Defendant has filed a motion to transfer venue pursuant to 28 U.S.C. § 1404.[1] (Doc. No. 16.)

## DISCUSSION

Defendant asks the Court to transfer this case to the United States District Court, District of Colorado, pursuant to 28 U.S.C. § 1404(a), because it is a more convenient forum in which to resolve the parties' dispute. In particular, Defendant argues that Colorado is the "center of gravity" where Plaintiff received the alleged calls underlying her lawsuit against Defendant. According to Defendant, Minnesota has virtually no connection to the case, and Plaintiff's forum choice is entitled to little deference under the circumstances.

Plaintiff, on the other hand, contends that the Court should not transfer this case, giving proper deference to Plaintiff's chosen forum. Plaintiff argues that Defendant has not adequately demonstrated hardship or inconvenience in litigating in Minnesota, Defendant's principal place of business. Thus, Plaintiff argues, Defendant has not met its heavy burden to support transfer. The Court considers the relevant factors and the propriety of transfer in light of the parties' arguments, below.

### I.   Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

---

[1] Pursuant to the parties' stipulation, the time for Defendant to answer Plaintiff's complaint has been extended to thirty days after the Court's decision on Defendant's transfer motion. (*See* Doc. Nos. 7, 10.)

been brought." 28 U.S.C. § 1404(a).[2] When deciding a motion to transfer pursuant to § 1404(a), the Court must consider three factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

A transfer determination requires a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* at 691. The Eighth Circuit has "declined to offer an 'exhaustive list of specific factors to consider' in making the transfer decision," and urges lower courts to "weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (citations omitted). In evaluating the propriety of transfer, "section 1404(a) accords the district court much discretion." *Terra Int'l, Inc.* at 697.

Typically, there is a presumption in favor of the plaintiff's choice of forum, and the burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (citation omitted). Transfer should be denied if the factors weigh evenly or "only slightly in favor of transfer." *Id.* In evaluating transfer, "[a] court may consider undisputed facts presented through affidavits, depositions, stipulations, and

---

[2] The parties do not appear to dispute that this action could have been brought in the proposed transferee forum. The Court determines that venue would be proper in the District of Colorado because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b)(2); *see also Fitzhenry v. Guardian Prot. Servs., Inc.*, Civ. No. 16-1253, 2016 WL 6652760, at *1 (W.D. Pa. Nov. 9, 2016) ("District courts find proper venue where the alleged injury occurred which, in a TCPA action, is where the telephone call was received.").

other relevant documents." *Dial Tech., LLC v. Bright House Networks, LLC*, Civ. No. 13-2995, 2014 WL 4163124, at *8 (D. Minn. Aug. 21, 2014).

### A.     Balance of Conveniences

Specific factors relevant to the balance-of-conveniences inquiry include: "(1) the convenience of the parties, (2) the convenience of the witnesses . . . , (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Terra Int'l, Inc.*, 119 F.3d at 696 (citation omitted). In this TCPA case arising under federal law, the Court considers only the first four of these factors as there are no relevant state-law issues to be decided. *Cf. Camarena v. Vanderbilt Mortg. & Fin., Inc.*, Civ. No. 15 C 00656, 2015 WL 4036258, at *4 (N.D. Ill. July 1, 2015) ("[A]ll federal courts are 'presumed equally capable and experienced with respect to matters of federal law.'" (citation omitted)).

#### 1.     Convenience of the Parties

"In assessing the relative convenience of the parties, '[t]he logical starting point . . . is a consideration of [the parties['] residences in relation to the district court chosen by the plaintiff and the proposed transferee district." *CBS Interactive Inc. v. Nat'l Football League Players Ass'n, Inc.*, 259 F.R.D. 398, 409 (D. Minn. 2009) (citation omitted). Transfer should be denied where the effect is "simply to shift the inconvenience from the defendant to the plaintiff." *Datalink Corp. v. Perkins Eastman Architects, P.C.*, 33 F. Supp. 3d 1068, 1078 (D. Minn. 2014). Counsel's convenience should not be weighed in this calculus. *See Milham v. White,* Civ. No. 15-3333

6

(ADM/LIB), 2016 WL 3030238, at *2 (D. Minn. May 26, 2016) (citing *Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1027 (D. Minn. 1999)).

The District of Colorado is Plaintiff's home forum. This forum would plainly be a more convenient forum in which Plaintiff could litigate her claims, and Plaintiff does not appear to suggest otherwise. For reasons that are not clear from the record, Plaintiff nonetheless opted to initiate her lawsuit in this district. Given Plaintiff's clear choice to litigate outside of her home forum, the Court declines to weigh Plaintiff's own convenience against her. *See CBS Interactive Inc.*, 259 F.R.D. at 409 (deferring to a plaintiff's choice to litigate in an arguably less convenient forum); *see also Sheffer v. Novartis Pharm. Corp.*, 873 F. Supp. 2d 371, 377 (D.D.C. 2012) ("Convenience . . . is not a handicap to be foisted upon an unwilling adversary.").

Defendant is a corporation with its headquarters in Minnesota. Naturally, Plaintiff places much emphasis on the fact that Defendant's corporate headquarters is located in this district. However, the Court concludes that this factor does not tip the scales against transfer. By comparison, in *In re Apple, Inc.*, the Eighth Circuit directed that a case be transferred to the district encompassing Apple's corporate headquarters. 602 F.3d at 914-15. Along with being the location of Apple's principal place of business, "[m]any potential witnesses" and "much . . . relevant documentation" was located in the transferee forum, and it was also "the site of alleged misconduct." *Id.* at 915. None of those factors are present here. Defendant has adequately demonstrated, and Plaintiff has failed to rebut, that no relevant U.S. Bank witnesses or documents are present in Minnesota. Furthermore, Defendant has presented evidence indicating that the alleged misconduct by

7

U.S. Bank employees (improper calls placed to Plaintiff) would have originated—not in Minnesota, but—in Kentucky, Missouri, Ohio, or Texas. Thus, although Minnesota is indisputably where Defendant maintains its principal place of business, it is not a particularly convenient forum even for Defendant in this case. Instead, Defendant has persuasively demonstrated that Colorado would be a more convenient forum for it than Minnesota in this case based on the location of non-party witnesses and the fact that numerous underlying facts took place in Colorado.

Ironically, both parties would prefer to litigate this case on the other's party home turf. Although Colorado would plainly be convenient for Plaintiff, she has chosen to litigate here. Although Minnesota is Defendant's principal place of business, this district does not appear to be especially convenient for Defendant, and Defendant has established why Colorado would in fact be more convenient for it. Under the circumstances, the Court determines that this factor mildly supports transfer.[3]

### 2. Convenience of the Witnesses

"The convenience of the witnesses is an important factor because it determines the relative ease of access to sources of proof." *Bae Sys. Land & Armaments L.P. v. Ibis Tek, LLC*, 124 F. Supp. 3d 878, 885 (D. Minn. 2015) (quoting *Toomey v. Dahl,* 63 F. Supp. 3d 982, 993 (D. Minn. 2014)). Furthermore, "a defendant should generally not be forced to conduct its case by deposition." *Datalink*, 33 F. Supp. 3d at 1078 (quotation marks and citation omitted). Providing the names of expected non-party witnesses and a general

---

[3] The Court declines to consider the comparative convenience of absent class members at this stage as no class has yet been certified, and it would be speculative to guess where such class members may reside.

statement of their testimony is typically required to support a motion to transfer. *Bae Sys.*, 124 F. Supp. 3d at 886. However, "this is not a requirement sine qua non" to establish transfer, particularly where other factors favor transfer. *See Ahlstrom v. Clarent Corp.*, Civ. No. 02-780 RHKSRN, 2002 WL 31856386, at *9 n.12 (D. Minn. Dec. 19, 2002) (quoting *Hill v. Upper Miss. Towing Corp.*, 141 F. Supp. 692, 696 (D. Minn. 1956)). Based on common-sense assumptions about the likely presence of material witnesses, a court may determine that witness convenience favors transfer even where such witnesses are not identified by name. *See, e.g.*, *Zurich Reinsurance (UK) Ltd. v. York Int'l Corp.*, Civ. No. CIV. A. 98-539 (JEI), 1998 WL 226298, at *2 n.1 (D.N.J. Apr. 29, 1998) (finding, in an insurance case, that "more witnesses are likely to be located [where the underlying fire occurred]" and noting that it was irrelevant that the defendant had not compiled a list of potential witnesses in the transferee forum); *see also Guenther v. Cooper Life Scis., Inc.*, Civ. No. 4-88-503, 1988 WL 131340, at *4 (D. Minn. Dec. 5, 1988) ("The likelihood of Minnesota turning out to be the true fulcrum of this litigation is slim indeed. Under these circumstances, it would be wholly unreasonable to require more proof of the location of defendants' witnesses or documents.").

Defendant argues that multiple non-party witnesses residing in Colorado would provide relevant testimony in this matter. Specifically, Defendant identifies the following categories of potential witnesses in the proposed forum: (1) "witnesses to [Plaintiff's] alleged receipt of the challenged calls," (2) "witnesses to any harm [Plaintiff] claims to have suffered," (3) "witnesses to any incidental damages [Plaintiff] incurred," and (4) "witnesses to the origination of the Mortgage Loan—including those respecting

9

how the phone number at issue was provided and the presence or absence of consent to call the number." (Doc. No. 18 at 17.) Plaintiff argues that Defendant has failed to state with sufficient specificity why the potential Colorado witnesses are material to this case. Plaintiff also points out that Defendant's employee witnesses do not reside in Colorado. However, Plaintiff does not identify any non-party witnesses whose convenience should be evaluated. Moreover, Plaintiff fails to identify even a single potential witness located in Minnesota.

Balancing the comparative convenience of the two possible forums, it is apparent that Colorado would be a far more convenient forum for material non-party witnesses in this case. At this early stage, Defendant has sufficiently demonstrated this to be true notwithstanding the absence of a specific list of individual witnesses. Finally, the Court doubts that any material witnesses in this matter reside in Minnesota. On balance, therefore, this factor strongly favors transfer.

### 3.   Accessibility to Records and Documents

Given modern advances in technology and when the parties have the ability to bear the costs of copying the necessary documents, "the location of documents is no longer entitled to much weight in the transfer of venue analysis." *See CBS Interactive Inc.*, 259 F.R.D. at 410. To the extent there are any relevant documents in this matter, it is likely that they are outside of Minnesota. However, in light of modern discovery capabilities, the Court concludes this factor is neutral.

### 4. Location Where the Conduct Complained of Occurred

In weighing the balance of conveniences, courts may consider where "the operative facts of the case occurred." *See Hormel Foods Corp. v. Medina & Medina, Inc.*, Civ. No. 06-384 (JRT/JJG), 2006 WL 2735491, at *2 (D. Minn. Sept. 25, 2006) (citing *Nelson*, 58 F. Supp. 2d at 1026). Relatedly, courts have a meaningful interest in deciding local controversies in their own states. *See In re Apple, Inc.*, 602 F.3d at 914 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)). In TCPA cases, "the injury and the decision-making [relating to defendant's alleged conduct] are both material events." *AL & PO Corp. v. Am. Healthcare Capital, Inc.*, Civ. No. 14 C 1905, 2015 WL 738694, at *3 (N.D. Ill. Feb. 19, 2015*); see also Sojka v. DirectBuy, Inc.*, Civ. No. 12 C 9809, 2014 WL 1089072, at *2 (N.D. Ill. Mar. 18, 2014) (concluding in a putative TCPA class action, that "the situs of material events" included both "where [the defendant's] decisions were made" as well as "where the calls and texts were received"). *But see Cadenasso v. Metro. Life Ins. Co.*, Civ. No. 13-CV-05491-JST, 2014 WL 1510853, at *9 (N.D. Cal. Apr. 15, 2014) ("The only alleged violation of the TCPA occurred in Florida, the state from which the unsolicited faxes were sent."); *Camarena*, 2015 WL 4036258, at *4 (finding in a TCPA case that "[t]he material events" took place where alleged calls took place).

Although some courts appear to focus primarily on where the offending calls originated, the Court finds it more persuasive that both locations are relevant. While Defendant's alleged offensive conduct took place in various locations and call centers across the United States, Plaintiff's receipt of those calls and her alleged harms were

11

localized in Colorado. On the other hand, Minnesota is neither where the calls originated nor were received. Balancing these respective forums, the Court determines that this factor also strongly favors transfer to the District of Colorado.

### B. Interests of Justice

In weighing the interests of justice, courts consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Terra Int'l, Inc.*, 119 F.3d at 696 (citation omitted). Courts weigh this factor "very heavily." *Graff*, 33 F. Supp. 2d at 1122 (citations omitted); *see also CBS Interactive Inc.*, 259 F.R.D. at 410 ("The interests of justice factor is often viewed as being the most important factor."). The parties have not advanced specific arguments concerning many of these factors, and only the first two factors merit particular discussion here.

#### 1. Judicial Economy

The Court concludes that judicial economy favors transfer in this case. Defendant moved to transfer at a very early stage, and Plaintiff has stipulated to extend Defendant's time to answer the Complaint until the transfer inquiry is concluded. Thus, transferring this case to the District of Colorado would not result in a significant waste of judicial resources or time for the parties. *See Cont'l Research Corp. v. Drummond Am. Corp.*, Civ. No. 4:07CV1155 CDP, 2007 WL 4287873, at *5 (E.D. Mo. Dec. 6, 2007) ("No

answer has yet been filed in this case, and the parties would not be unduly prejudiced by a transfer at this early stage in the litigation."). Thus, this factor supports transfer.

### 2. Plaintiff's Choice of Forum

"While there is a general presumption in favor of a plaintiff's choice of forum, courts afford that choice significantly less deference when (1) plaintiff does not reside in the selection forum, or (2) the transaction or underlying facts did not occur in the chosen forum." *Nelson*, 58 F. Supp. 2d at 1026 (citations omitted); *see also In re Apple, Inc.*, 602 F.3d at 913 (affording "minimal weight" to the chosen forum "[b]ecause no relevant connection exists between [the parties], potential witnesses, or the dispute and [the plaintiff's chosen forum]"). Furthermore, where a case is brought as a nationwide class action, courts give less deference to the named plaintiff's forum choice. *See Cadenasso*, 2014 WL 1510853, at *8 (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987)); *Sojka*, 2014 WL 1089072, at *2 (collecting cases); *see also Cunningham v. United Air Lines, Inc.*, Civ. No. 4:13-CV-322-JAR, 2013 WL 3984513, at *4 (E.D. Mo. Aug. 1, 2013*)* ("[A] plaintiff's choice of forum is accorded less deference in the context of a class action suit." (citation omitted)).

As previously discussed, Plaintiff does not reside in this forum, and the facts underlying her claims took place outside of Minnesota in Colorado and various other states. Plaintiff also chose to litigate her claims on behalf of a putative nationwide class. Thus, Plaintiff's forum choice is not entitled to significant weight, and this factor weighs only mildly in favor of maintaining this case in the District of Minnesota.

## CONCLUSION

"There is no precise mathematical formula to be employed when balancing the relevant [transfer] factors. . . . 'At best, the judge must guess, and we should accept his guess unless it is too wild.'" *Advanced Logistics Consulting, Inc. v. C. Enyeart LLC*, Civ. No. 09-720 (RHK/JJG), 2009 WL 1684428, at *2 (D. Minn. June 16, 2009) (quoting *Ford Motor Co. v. Ryan*, 182 F.2d 329, 331-32 (2d Cir. 1950)). Here, Plaintiff's complaint arises out of conduct directed at her exclusively in Colorado, and material non-party witnesses likely reside there as well. In contrast, the only apparent Minnesota connection in this case is the location of Defendant's corporate headquarters. Defendant has demonstrated, however, that no material witnesses or records actually exist in this forum, and no underlying conduct took place here. Having considered the convenience of the parties and witnesses and in the interests of justice, the Court concludes that this case should be transferred to the United States District Court for the District of Colorado.

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. U.S. Bank National Association's Motion to Transfer (Doc. No. [16]) is **GRANTED**.

2.	The Clerk of Court is **DIRECTED TO TRANSFER** this case to the United States District Court for the District of Colorado.


Dated:  December 4, 2017	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge